People v Torres (2025 NY Slip Op 51960(U))

[*1]

People v Torres

2025 NY Slip Op 51960(U)

Decided on December 10, 2025

Criminal Court Of The City Of New York, Kings County

Tisne, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 10, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Daniel Torres.

Docket No. CR-027117-25KN

For the People: David Kim
For defendant: Jose Panbehchi

Philip V. Tisne, J.

On June 4, 2025, the People commenced this action by filing an information that charged defendant with Operating a Motor Vehicle While Under the Influence of Alcohol (VTL § 1992[1]-[3]). Because defendant was charged with misdemeanors only, at least one of which carried a potential jail sentence exceeding three months, the People were required to announce their trial readiness within 90 days of the action's commencement—i.e., by September 2, 2025. See CPL 30.30(1)(b), (4). The People filed a certificate of compliance ("COC") and statement of readiness on August 19, 2025. Defendant then filed this motion contending that the People's COC was invalid due to alleged discovery violations, the People's statement of readiness was therefore illusory, and the action should be dismissed under CPL 30.30. See CPL 170.30(1)(e). The court assumes the parties' familiarity with the facts and arguments raised in the motion. For the reasons explained below, the motion is DENIED.
The People are required in every criminal action to "automatically" disclose a list of materials set out in CPL 245.20. To validly declare ready, the People must first file a COC certifying that, "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery, the prosecution has disclosed and made available all known material and information it has obtained subject to discovery." CPL 245.50(1), (3). In determining whether a COC is valid, the "key question" is whether the People made "reasonable efforts to comply with statutory directives." People v Bay, 41 NY3d 200, 211 (2023) (cleaned up); see CPL 245.50(6). This "fundamentally case-specific" inquiry turns on a variety of factors, including a list of factors set out in the discovery statute. Bay, 41 NY3d at 212; see CPL 245.50(5)(a). Where the People did not make reasonable efforts, the court should strike their COC and deem their statement of readiness illusory. See Bay, 41 NY3d at 213. Where the People made reasonable efforts but failed to disclose items of discovery, the court should impose a sanction short of dismissal. See CPL 245.80.
Here, the court concludes that the People made reasonable efforts to identify and disclose discoverable material. On July 14, 2025, the People served initial discovery, which included a variety of NYPD paperwork, body-worn camera ("BWC") footage and metadata for nine officers, Argus surveillance video recordings of the scene of the arrest, warning videos showed to defendant at the Intoxicated Driver Testing Unit ("IDTU"), calibration records for the [*2]Intoxilyzer unit used in this case, photographs of defendant, and eight property invoices. Then, on August 19, 2025, the People filed their COC together with additional discoverable materials, including activity logs for seven officers, impeachment materials for nine officers, 911 call records, and video footage and metadata for the officer who performed defendant's chemical test in the IDTU, Officer Matthew Grieco. In his motion, defendant alleges that the People failed to disclose eyewitness contact information and some impeachment material for prosecution witnesses. But given the volume of discovery provided, the nature of the charges and the complexity of the case, the People's explanation for their alleged discovery lapses and their response upon learning about the allegedly missing discovery, and the possibility of prejudice to the defense, the court concludes that the People properly certified that they had disclosed discovery "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery." CPL 245.50(1), (5)(a).
The People's response to a COC challenge should include information about their pre-COC efforts to comply with their discovery obligations. Here, the People's opposition brief address their post-COC efforts, but does not address their pre-COC efforts. The discovery statute, however, requires that "due diligence must be conducted prior to filing a COC," and the People "bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC." Bay, 41 NY3d at 212, 213 (emphasis added). The People are reminded of their obligation.
Notwithstanding the foregoing, the court makes the following determinations. First, the People are precluded from relying on testimony from Greico at hearings or trial. CPL 245.20(1)(d) required the People to identify all law enforcement personnel known to have relevant evidence, with a designation as to which of them may be called as witnesses. Here, the People did not identify Greico or designate him as a potential witness, either in their Notice of Disclosures form filed with their initial discovery, or in their COC, or in any of their four subsequent supplemental COCs. The People failed to notice this witness even though they plainly knew he had relevant evidence. After all, they had to know he would have relevant evidence in this this intoxicated-driver case, since he was the IDTU officer who performed defendant's chemical test. And the People disclosed some of Greico's materials with their COC, demonstrating that they knew by then that he had relevant evidence. Indeed, the People disclosed impeachment materials for Greico during conferral—disclosures that would only have been required if Greico was a "testifying prosecution witness." CPL 245.20(1)(k)(iv). The People cannot declare ready for trial and, at the same time, remain undecided about whether they will call such a central witness for their case. The court thus finds that the People violated CPL 245.20(1)(d) by failing to supply a designation for Greico before stating ready, and that the "appropriate and proportionate" sanction for that violation is a preclusion order. CPL 245.80(1)(a).
Second, the People were not required to disclose impeachment material that did not have a connection to the charges against defendant. CPL 245.20(1)(k)(iv) requires the People to disclose "[a]ll evidence and information that relate to the subject matter of the case, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witness." Litigants frequently label this "Giglio material," but that is a misnomer. Due process requires prosecutors to disclose information that is favorable to the defense, including because it tends to impeach a testifying witness. See Giglio v United States, 405 US 150, 154 (1972); see also [*3]People v Garrett, 23 NY3d 878, 886 (2014). The discovery statute also requires the disclosure of impeachment materials, but its scope is limited to materials "that relate to the subject matter of the case." See People v Fuentes, 2025 NY Slip Op 05872, at *2 (Ct App 2025) (comparing constitutional and statutory disclosure obligations). Impeachment materials "relate to the subject matter of the case" within the meaning of this statutory provision if they have some connection to the thing in dispute in the criminal case. See Black's Law Dictionary (12th ed 2024), relate ("[t]o have some connection to; to stand in relation to"), subject matter ("[t]he issue presented for consideration; the thing in which a right or duty has been asserted; the thing in dispute"). And the thing in dispute in a criminal case is whether the defendant is guilty of the charged offenses. Thus, information is subject to disclosure under CPL 245.20(1)(k)(iv) if it "tends to impeach the credibility of a testifying prosecution witness" and it has some connection to the charges against the defendant.
Contrary to the People's view, information is not discoverable under CPL 245.20(1)(k)(iv) merely because it relates to the credibility of witness in the case. That interpretation impermissibly reads words out of the statute. The statute creates two criteria for discoverability: information must tend to impeach a testifying witness, and it must relate to the subject matter of the case. The People's interpretation—that, "for impeachment to be related to the subject matter of the case, it must relate to the credibility of witness in the case"—would collapse these two requirements and eliminate the requirement that impeachment material also relate to the subject matter of the case. Settled cannons of interpretation disfavor an interpretation that renders the words of a statute superfluous. See People v Galindo, 38 NY3d 199, 205 (2022); McKinney's Cons Laws of NY, Book 1, Statutes § 98(a).
The history of CPL 245.20(1)(k) reinforces that impeachment material is not discoverable unless it is connected to the charges against the defendant. Previously, CPL 245.20(1) contained a general limitation that information was discoverable only if it related to the subject matter of the case; that limitation was not found within CPL 245.20(1)(k) itself. Nevertheless, courts interpreted the general limitation in CPL 245.20(1) to apply to CPL 245.20(1)(k)—that is, courts held that impeachment materials were discoverable only if they were related to the subject matter of the case. First, out-of-department decisions reached that result without much discussion. See People v McCarty, 221 AD3d 1360, 1362 (3d Dept 2023); People v Johnson, 218 AD3d 1347, 1350 (4th Dept 2023). Then, the Appellate Term adopted that view in a pair of decisions, see People v Jawad, 84 Misc 3d 31, 34 (App Term 2d Dept 2024); People v Earl, 84 Misc 3d 44, 47 (App Term 2d Dept 2024), one of which explained that impeachment material consisting of disciplinary records did not relate to the subject matter of the case because they involved events from "long before the events underlying this case" transpired, Earl, 84 Misc 3d at 47. And the Appellate Division finally followed suit, holding that disciplinary records that could be used to impeach a testifying police witness were not automatically discoverable unless they "relate[d] to the subject matter of the case." People v Macaluso, 230 AD3d 1158, 1160 (2d Dept 2024); see People v Henderson, 237 AD3d 853, 854 (2d Dept 2025).
Then the Appellate Division decided People v Coley, 240 AD3d 122 (2d Dept 2025). That decision held that CPL 245.20(1)(k)(iv) was not limited to impeachment material that was related to the subject matter of the case, and that instead impeachment material was discoverable so long as it "relate[d] to the credibility of a witness in the case." Id. at 134. The court explained that "[t]he Legislature could have, but chose not to, include language in" CPL 245.20(1)(k)(iv) "limiting discovery of impeachment evidence to materials related to the facts underlying the [*4]charges against the defendant." Id. at 134.
Coley was decided on April 2, 2025. On May 8, 2025, the Legislature enacted amendments to CPL article 245 that removed the phrase "relate to the subject matter of the case" from CPL 245.20(1) and inserted that limitation within CPL 245.20(1)(k)(iv). The effect of doing so could hardly be clearer: the Legislature "include[d] language in subparagraph (iv) of CPL 245.20(1)(k) limiting discovery of impeachment evidence to materials related to the facts underlying the charges against the defendant." Coley, 240 AD3d at 134. The history thus supports what the text of the provision makes clear: that information that tends to impeach a testifying witness is automatically discoverable under CPL 245.20(1)(k)(iv) only if that information has some connection to the charges against the defendant. See, e.g., Arbegast v Bd of Educ of S New Berlin Cent Sch, 65 NY2d 161, 169 (1985) (Legislature is "presumed to be aware of the decisional and statute law in existence at the time of an enactment"); see also Knight-Ridder Broad, Inc v Greenberg, 70 NY2d 151, 159 (1987) (noting that, in reviewing legislative history, "[t]he views of one legislator . . . are not necessarily revealing of the legislative intent").
Here, defendant has not demonstrated that any of the information that he claims constitutes discoverable impeachment material had any connection to the charges against the defendant. Indeed, many of those materials bear a designation indicating that they occurred "long before the events underlying this case," Earl, 84 Misc 3d at 47, and thus were not discoverable. Defendant's complaint that these materials were not provided as part of the People's automatic discovery thus fails.
Finally, the court concludes that the People have provided all known information to identify potential civilian witnesses. The People disclosed the name and (belatedly) the address of one civilian witness. For the other civilian witness, they provided a telephone number but no name, which the witness refused to give to police. To be sure, CPL 245.20(1)(c) requires the People to disclose the "names and adequate contact information for all persons other than law enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto." But that provision is limited to material that is "in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." CPL 245.20(1). The People disclosed the relevant information that was within their possession.
In sum, the motion to dismiss is DENIED, and the People are precluded from relying on testimony from Officer Greico. This constitutes the order of the court.
Dated: December 10, 2025
Brooklyn, New York
Hon. Philip V. Tisne